ROBERT L. GREGORY, Respondent, v. WILLIAM S. SITLINGTON, Appellant.

Kansas City Court of Appeals, May 1, 1893.

1. **Instructions:** CONFLICT. There should be no conflict in instructions given for the different parties.

2. **Fraudulent Conveyances:** CONSIDERATION GOOD IN PART AND BAD IN PART: CONFLICTING INSTRUCTIONS. Plaintiff's instructions required the jury to find that the bill of sale in question was without consideration, and defendant's instructions required them to find that only a part of the consideration was wanting before they could find the transaction faudulent. *Held*, they were in fatal conflict and the error is not cured by other instructions though they were good, since it cannot be said which instructions the jury followed. Besides the rule is: A conveyance made in bad faith by collusion between the debtor and creditor to cover up property by professing to secure an indebtedness not really existing is void as to creditors, and that it secures a real debt, will not save it.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Reversed and remanded.

*T. B. Buckner* and *J. W. Gillespie,* for appellant.

(1) Instructions numbers 4 and 6 are both erroneous, number 4, in that it requires that both Gregory and White be found guilty of fraud, and number 6 in that it required defendant to show the bill of sale was "without consideration" and in requiring defendant to show "that plaintiff (Gregory) knew of and participated in such fraudulent purpose." The instructions should have included White who was the instrument by which the fraud was perpetrated. "If any part of the consideration of the said bill of sale was fraudulent and void it would taint the whole transfer and render such instrument entirely void." *State ex rel. v. Hope,* 102 Mo. 428; Authorities cited in paragraph 4 of above case. (2) The erroneous instructions given plaintiff are in direct conflict with the instructions given defendant. It is reversible error to give inconsistent or conflicting instructions. *Frederick v. Allgaier,* 88 Mo. 598; *Stevenson v. Hancock,* 72 Mo. 612; *Price v. Railroad,* 77 Mo. 508; *Singer S. C. Co. v. Hudson,* 4 Mo. App. 145; *Spillane v. Railroad,* 20 S. W. Rep. 294. (3) A contradiction between two instructions so far from correcting the evils of either multiplies them both. *State v. Nauert,* 2 Mo. App. 295; *Welch v. Railroad,* 20 Mo. App. 477. (4) Even though the law is correctly declared for one party if they are inconsistent or in conflict with instructions given the other party, it is reversible error. *Welch v. Railroad, supra; Spillane v. Railroad, supra; Goetz v. Railroad,* 50 Mo. 474.

*W. C. Scarritt,* for respondent.

(1) Plaintiff's fourth instruction is not justly subject to criticism. *Frederick v. Allgaier,* 88 Mo. 603; *Shelly v. Boothe,* 73 Mo. 74; *Reilly v. Railroad,* 94 Mo. 601; *Railroad v. Vivian,* 33 Mo. App. 583; *Harrington v. City of Sedalia,* 98 Mo. 583; *Wetzell v. Wagoner,* 41 Mo. App. 509. (2) The sixth instruction is not subject to the objection urged against it by the appellant. (3) Plaintiff's fifth instruction was right and defendant's fourth instruction was clearly wrong; consequently defendant is not harmed by getting a declaration of law more favorable than he was entitled to. *Mastin, Adm'r, v. Fox,* 40 Mo. App. 668; *Vail v. Railroad,* 78 Mo. 377; *Alexander v. Clark,* 83 Mo. 488; *Hanna v. Finley,* 33 Mo. App. 650; Jones on Chattel Mortgages, sec. 22; Cobbey on Chattel Mortgages, sec. 75, and cases cited.

GILL, J.—In November, 1891, and for several years prior thereto, Scott was engaged in the retail grocery business at Kansas City. Becoming at that time financially embarrassed he executed a bill of sale to plaintiff and turned over his entire stock of goods as an alleged payment of $628.16 he owed the Gregory Grocery Company, and a $1,000 note against him held by one White who was a salesman for the Gregory company. Plaintiff Gregory at once took possession of the goods; but immediately thereafter several other creditors of Scott who had not been provided for instituted attachment suits against the common debtor and caused the defendant sheriff to seize the goods. Gregory thereupon brought this action in damages for the alleged wrongful conversion of his property. The sheriff in behalf of the attaching creditors in answer to the petition alleged in substance that the pretended

·sale to Gregory was made to defraud and defeat other creditors of Scott, was without consideration, etc., and therefore void. On a trial by jury there was a verdict and judgment for plaintiff and defendant appealed.

Owing to the court's action in giving certain faulty and inconsistent instructions, we feel compelled to send this case back for a new trial. In the first place, in plaintiff's number 4, the court told the jury that it was *immaterial* whether the bill of sale to Gregory was made and intended as *an absolute sale* or as a *mortgage*, and that if Gregory & White (whose claims were paid or secured) acted in good faith, etc., that the verdict should be for the plaintiff; while in an instruction given for defendant the jury were told that if they believed "that the bill of sale of the stock of goods in controversy was taken merely as a security for the debts of the Gregory Grocery Company, and for the note of J. A. White, and was not an absolute and unconditional sale, then the plaintiff cannot recover." Here is a manifest conflict in these instructions; but as the plaintiff's instruction was correct in that regard, while that of the defendant was erroneous, we should not reverse the judgment for an error into which the court was led by the appellant's counsel.

However a more serious conflict appears when plaintiff's number 6 is compared with defendant's number 5. At plaintiff's instance the court gave to the jury this instruction: "The court instructs the jury that, before you can find for defendant in this case, it devolves upon the defendant to show to your reasonable satisfaction, by a fair preponderance of the evidence, that the bill of sale from Scott to plaintiff, dated November 18, 1891 and introduced in evidence, was *without consideration* or was made for the purpose of defrauding the creditors of Scott, and that *plaintiff* knew of and participated in such fraudulent purpose."

And at defendant's request the following was given: "If the jury shall believe from the evidence in the case that at the time the bill of sale in question was executed, A. G. Scott did not owe the witness, J. A. White, $1000, then plaintiff cannot recover in this case, and your verdict must be for the defendant, although you may further believe from the evidence in the case the said A. G. Scott did owe the full amount of the bill claimed to be due the Gregory Grocery Company."

The first of these two instructions declares the law quite differently from the last. Indeed under the above instruction given on the motion of the plaintiff it was next to impossible for the jury to find otherwise than for the plaintiff. They were in effect advised to find for the plaintiff unless they should believe that the bill of sale to Gregory was wholly without any consideration to support it, or unless the sale was made to Gregory for the purpose of defrauding Scott's creditors and that he (Gregory) knew of and participated in such fraudulent purpose. Now the attaching creditors (represented by defendant) made no attack whatever on the *bona fides* of the Gregory company's account of $628, but the genuineness of White's $1,000 charge was assailed. Clearly then there was not an entire absence of consideration for the transfer of Scott to Gregory and the jury could not have so found. And if in making said bill of sale there was any fraudulent design to cheat Scott's creditors there was little, if any, evidence tending to implicate Gregory individually. If there was such a conspiracy, it was between Scott & White, and not in fact between Scott and Gregory though of course Gregory will be charged with the fraud of White since he was acting as Gregory's agent in the matter.

This much is said that the vice of the above instruction given at the plaintiff's request may be more readily seen.   The jury may have believed that the $1,000 note put into the consideration of the sale was fictitious, and a mere pretense to assist in covering up the assets of Scott—and there was evidence tending to prove this—and yet, since the remainder of the consideration, to-wit, the account of Gregory company for $628 was unquestionably genuine, the jury were bound in the light of that instruction to give plaintiff their verdict.   This is not the law; for, as has been well said, "though a conveyance made in good faith is not void merely because it delays some creditors or because it is intended to delay them, yet a conveyance made in bad faith, by collusion between the debtor and creditor to cover up property, by naming and professing to secure an indebtedness not really existing, is void as to creditors; and the fact that it also names a real, existing indebtedness, and is made to secure that real debt, will not save the deed."   *State ex rel. Robertson v. Hope,* 102 Mo. 429–431, and cases there cited.

Plaintiff's sixth instruction then was clearly wrong and ought not to have been given. . Nor will it do to say that its vice was cured by other instructions, particularly number 5 given for defendant.   As already said these two instructions are irreconcilable and cannot stand together.   We cannot undertake to say which of the two the jury may have adopted as a guide.

It results then that the judgment herein must be reversed and the cause remanded.   All concur.